UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MONTY M. SHELTON                                              PETITIONER
Reg. #10426-078

V.                        NO. 2:16-CV-00165-JM-JTR

GENE BEASLEY                                                  RESPONDENT
Warden, FCI-Forrest City

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Monty M. Shelton ("Shelton"), who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. *Docs. 1 & 2*. Respondent filed a Response, to which Shelton filed a Reply. *Docs. 8 & 10*. Thus, the issues are joined and ready for disposition.

1

Before addressing Shelton's claims, the Court will review the relevant procedural history of the case.

In September 2003, a federal jury in the Eastern District of Texas convicted Shelton of: (1) one count of possessing methamphetamine with intent to distribute; and (2) two counts of receiving a firearm while under indictment. On March 3, 2004, Shelton was sentenced to 405 months in the Bureau of Prisons on the drug charge and 60 months on each of the firearm charges, all to be served concurrently. *United States v. Shelton*, E.D. Tex. No. 4:03-cr-00081 (*Shelton I*); *see Doc. 8-1 (*Judgment*).*

On direct appeal, Shelton challenged the sufficiency of the evidence supporting all three of his convictions.[1] On January 6, 2005, the Fifth Circuit Court of Appeals affirmed, finding the evidence against him to be "overwhelming." *United States v. Shelton*, 119 F. App'x 638 (5th Cir. 2005). Shelton's petition for rehearing was denied. The United States Supreme Court later denied certiorari. *Shelton v. United States*, 546 U.S. 910 (2005).

On October 5, 2006, Shelton filed a 28 U.S.C. § 2255 motion in the sentencing court arguing, *inter alia*, that the evidence was insufficient to support his firearms convictions.[2] *See Doc. 8-4, at 2-3*. On December 11, 2009, the sentencing court

---

[1]He also argued that: (1) hearsay testimony from two police officers was erroneously admitted; and (2) his sentence was illegal under *Blakely v. Washington*, 542 U.S. 296 (2004).

[2]Shelton's § 2255 claims were summarized as follows: (1) the government knowingly used unsubstantiated and speculative testimony to obtain the firearms convictions; (2) his trial attorney was ineffective for failing: to prove Shelton's actual innocence of one firearms charge, to object

2

dismissed the § 2255 motion with prejudice. *Docs. 8-5 & 8-6*. The court also denied Shelton's subsequent motion to alter or amend the judgment, noting that its "main focus seems to be that [Shelton] is actually innocent" of the firearms charges. *Doc. 2, at 15-16*. On November 4, 2010, the Fifth Circuit denied Shelton's motion for a certificate of appealability on the § 2255 dismissal. *United States v. Shelton,* No. 09-41284 (5th Cir. Nov. 4, 2010).

Shelton next filed, in the sentencing court, a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b), which the sentencing court denied on April 13, 2011. *Doc. 2, at 17*. On August 21, 2012, the Fifth Circuit rejected Shelton's motion for a certificate of appealability seeking review of the denial of his Rule 60(b) motion. *United States v. Shelton,* No. 11-40534 (5th Cir. Aug. 21, 2012). In its order, the Fifth Circuit found that the Rule 60(b) motion was "in the nature of a successive § 2255 motion"; Shelton had not obtained authorization to proceed with a successive § 2255 motion; and "[r]easonable jurists would not debate the district court's ruling denying relief." *Id.*, slip op. at 1-2.

---

to the evidence on both firearms charges, to contest the court's jurisdiction, to address the issue of severance, or to establish a defense strategy; (3) his appellate counsel was ineffective for failing to address the trial court's jurisdiction or the severance of charges, filing an incomplete trial transcript, failing to timely file a petition for writ of certiorari, and failing to challenge an upward adjustment of his offense level; (4) his Sixth Amendment rights were violated because the facts were not found by the jury beyond a reasonable doubt; (5) he was shackled during his trial based on testimony that was later recanted; (6) his right to counsel was violated when the trial court denied his request for substitute counsel; and (7) the government allowed false testimony. *Doc. 8-4, at 2-3*.

3

On December 5, 2013, Shelton filed a § 2241 federal habeas action in the United States District Court in the Central District of California, where he was then incarcerated. He argued that his two firearms convictions were invalid and that he was "actually innocent" of those crimes. On January 8, 2014, the court dismissed Shelton's § 2241 action for lack of jurisdiction, finding that it was a "disguised successive § 2255 motion attacking his convictions" and he could not show that he had "not already had an 'unobstructed procedural shot' at raising his claims" in his § 2255 proceedings. *Shelton v. United States*, 2014 WL 69516 (C.D. Cal. Jan. 8, 2014). The Ninth Circuit Court of Appeals denied Shelton's request for a certificate of appealability. *Shelton v. United States*, No. 14-55316 (9th Cir. Sept. 26, 2014).

On December 7, 2016, Shelton filed this § 2241 habeas action, which challenges his two convictions for receipt of a firearm while under indictment. In his § 2241 papers, he alleges that he is "factually innocent" of those charges because: (1) no evidence was presented at trial regarding the date he received the firearms, and the "fictitious" dates on the charging instrument were never discussed or verified; (2) the evidence was insufficient, on one of the counts, to prove that he "received" the firearm after the indictment; (3) the evidence was insufficient to prove that he knew about an indictment when he received either of the firearms; (4) venue was improper; (5) the government constructively amended the charges to include "possession" of a firearm while under indictment; (6) the trial and appellate courts,

in his direct appeal, and the § 2255 courts, improperly characterized the charged offense to include "possession" of a firearm; (7) he was prejudiced by the misjoinder of the firearms charges with an unrelated drug charge; and (8) his trial attorney was ineffective for various reasons.

For the reasons discussed below, the Court concludes that it lacks subject matter jurisdiction to consider Shelton's § 2241 Petition, and recommends that it be dismissed, without prejudice.

## II. Discussion

A challenge to the lawfulness of a federal conviction and sentence generally must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* "it also

5

appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention." *See United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1061-62 (8th Cir. 2002) (describing the exception as a "narrowly-circumscribed 'safety valve'"). A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907.

The Eighth Circuit has explicitly held that a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Id.; Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). In addition, simply because procedural barriers prevent a petitioner from pursuing § 2255 relief does *not* render that remedy "inadequate or ineffective" under § 2255(e). *Lopez-Lopez*, 590 F.3d at 907.[3]

In one form or another, virtually all of Shelton's current claims were asserted either in his direct appeal or in his § 2255 proceedings. Furthermore, *all* of Shelton's claims in this action unquestionably challenge the validity of his firearms

---

[3]The Eighth Circuit has specifically held that the § 2255 remedy is *not* inadequate or ineffective merely because: (1) the claim already has been raised and rejected in a § 2255 proceeding; (2) the sentencing court failed to fully or adequately address a § 2255 claim; (3) the petitioner has been denied permission to file a second or successive § 2255 motion; or (4) a § 2255 motion would be barred as successive or untimely. *Id.*; *Hill*, 349 F.3d at 1091.

convictions in the Eastern District of Texas and thus *could have been raised* in his § 2255 proceedings in that court.

Shelton argues that, based on his alleged "actual innocence," the "savings clause" applies to him because the sentencing court allegedly did not address that issue in his § 2255 proceedings. *Doc. 10, at 2*.

It is well-settled law in the Eighth Circuit that the "savings clause" in § 2255 may *only be applied* in cases in which a prisoner asserts a claim of "actual innocence" *if* he has "never had an unobstructed procedural opportunity to raise the claim [of actual innocence]." *Abdullah v. Hedrick*, 392 F.3d 957, 960 (8th Cir. 2004). Here, Shelton unquestionably has been afforded an "unobstructed procedural opportunity" to raise his claim of actual innocence. In fact, he *explicitly raised that claim* in his § 2255 proceedings in the sentencing court, where it was *rejected*, and the Fifth Circuit denied two requests for a certificate of appealability. Shelton argues that, because those courts denied his actual innocence claim based on a "procedural barrier to relief," rather than deciding the issues on the merits, it renders the § 2255 remedy inadequate or ineffective. This argument was flatly rejected by the Court in *Lopez-Lopez,* 590 F.3d at 907. Thus, based on *Abdullah*, the "savings clause" in § 2255 is *not* available to Shelton in this case.

Finally, Shelton argues that the Eighth Circuit's "narrow interpretation" of the § 2255 savings clause in *Abdullah* "runs afoul" of the United States Supreme Court's

decision in *McQuiggin v. Perkins,* 133 S. Ct. 1924 (2013). While the Eighth Circuit has not spoken on the issue, all of the other Courts of Appeal that have reached this issue have held that *McQuiggin* does *not* allow a federal prisoner to bring a § 2241 petition without showing that any remedies available under § 2255 are inadequate or ineffective. *See Boyce v. Berkebile*, 590 F. App'x 825, 826-27 (10th Cir. 2015); *Candelario v. Warden*, 592 F. App'x 784, 785-86 (11th Cir. 2014); *Griffin v. Longley*, 548 F. App'x 146, 147 (5th Cir. 2013); *McAdory v. Warden Lewisburg USP*, 545 F. App'x 88, 91 (3rd Cir. 2013). As the Eleventh Circuit explained: "[E]ven assuming *McQuiggin* is retroactively applicable and applies to federal prisoners, … [its] holding was limited to *initial* petitions for habeas corpus … It created an exception to the limitations period; *it said nothing about whether a petitioner may bring a second or successive petition under the savings clause.*" *Candelario*, 592 F. App'x at 786 (emphasis added).

Accordingly, because this Court lacks subject matter jurisdiction to consider Shelton's challenges to the convictions and sentences imposed by the United States District Court for the Eastern District of Texas, this § 2241 habeas action must be dismissed.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, *Doc. 1*, be DENIED, and the case be DISMISSED, without prejudice.

DATED this 20th day of June, 2017.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE